## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| SYDNEY MAYS, Y48303, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01262 |
| | ) | |
| TYRONE BAKER, *Warden*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

On September 11, 2025, *pro se* Petitioner Sydney Mays filed his Amended Motion to Hold Habeas Corpus Petition Deadline in Abeyance. D. 3. The Government filed a timely response in opposition to the Motion. D. 5. With the issue fully briefed, the Court now address whether a stay is appropriate.

### I.       BACKGROUND

On October 15, 2021, Petitioner was convicted of first-degree murder in Illinois state court and subsequently sentenced to life in prison followed by an additional consecutive term of fifty years imprisonment. Petitioner appealed his conviction, and on January 3, 2023, the state appellate court affirmed the trial court's judgment. *People v. Mays*, 217 N.E.3d 482, 487 (Ill. App. Ct. 2023). Petitioner's petition for leave to appeal ("PLA") to the Illinois Supreme Court was denied, *People v. Mays*, 210 N.E.3d 782 (Ill. 2023), as was his petition for a writ of certiorari from the United States Supreme Court on June 26, 2023, *Mays v. Illinois*, 143 S.Ct. 2673 (2023).

On December 27, 2023, Petitioner filed a timely postconviction relief petition in Illinois state court. D. 3 at 2. However, he moved to voluntarily withdraw that petition on January 10, 2024. *Id*. The trial court granted his motion to withdraw on August 6, 2024, and vacated his postconviction

petition without prejudice. *Id*. Petitioner claims he then refiled that petition nearly a year later, on August 5, 2025. *Id*.

On June 30, 2025, after Petitioner had withdrawn his initial postconviction relief petitioner but before he refiled, Petitioner initiated this present action requesting the Court hold his habeas corpus petition deadline in abeyance. *See* D. 1. Based on the record before it, the Court determined that Petitioner's underlying claims were untimely and thus, without merit sufficient to warrant a stay. D. 2. However, in his Motion, Petitioner indicated that the state trial court "granted a motion…which would extend [Petitioner's] post-conviction deadline." D. 1. As a result, the Court dismissed the Motion without prejudice and afforded Petitioner the opportunity to amend the Motion with the information necessary to identify the pending state action.[1] D. 2 at 3.

## II.       LEGAL STANDARD

Though district courts generally have wide authority as to whether to issue a stay, the United States Supreme Court has cautioned that such discretion should be exercised selectively in the context of habeas corpus proceedings. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). To do otherwise would run afoul with the spirit of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id*. at 274. The AEDPA sought to "reduce delays in the execution of state and federal criminal sentences" by limiting the time in which a convicted defendant may seek federal habeas relief. *Id*. at 276; *see also* 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitations applies to an application for habeas review).

---

[1] As noted in the previous Order, the Court also reviewed case records from McLean County in attempt to determine whether Petitioner had filed a notice for postconviction review. D. 2 at 3. The Illinois Appellate Court Clerk's Office for the Fourth District confirmed that Petitioner had no pending cases before it. *Id*.

The AEDPA imposes a one-year statute of limitations in which state court prisoners may bring § 2254 petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations period begins running from the latest of four potential moments:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)–(D).

The limitations period does not run, or is tolled, during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" *Id.* at (d)(2). Limitations periods are typically calculated under § 2244(b)(1)(A), and nothing in Petitioner's petition(s) indicate otherwise. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005) (recognizing that limitations period is "ordinarily" calculated under subsection (A)).

Section 2244(d)(1)(A) consists of two prongs – the "conclusion of direct review" and the "expiration of time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The United States Supreme Court has explained that each prong "relates to a distinct category of petitioners" as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Id.*

### III.     DISCUSSION

Here, the statute of limitations under § 2244(d) began to run when Petitioner's writ of certiorari was denied on June 26, 2023. It then continued to run for 183 days, until Petitioner filed his state postconviction petition on December 27, 2023. The limitations period was then tolled until the postconviction petition was vacated on August 6, 2024. At that time, Petitioner had 182 days remaining in his limitations period giving him until February 5, 2025, to timely file a federal petition. Thus, because Petitioner did not initiate federal review until June 30, 2025, his claims are untimely.

This was the Court's holding upon first review of Petitioner's Motion for a Stay. *See* D. 2. In his Amended Motion, Petitioner provides information regarding his motions for postconviction relief in Illinois state court. However, this supplementation does not warrant a different result as the state filing for postconviction relief does not bring Petitioner's petition into compliance with AEDPA's limitations period. Such motion only tolls the limitations period during the time the motion is "pending." Generally, such motion is " 'pending' until the completion of the collateral review process; *i.e.,* until the application has achieved final resolution through the State's postconviction proceedings." *Carey v. Saffold*, 536 U.S. 214, 214 (2002).

Petitioner states that his initial postconviction motion was dismissed "prior to any judgments" in response to his motion to voluntarily withdraw. D. 3 at 3. However, it does not logically follow that that Petitioner's motion remained "pending" until he refiled it in August 2025. The Petitioner terminated the postconviction proceeding when he voluntarily dismissed the motion himself, depriving it of its pending status. *Carey*, 536 at 219 (explaining a "pending" motion is one that is "in continuance" that "has not yet [been] decided"); D. 3-2 at 1. The alternative conclusion would run afoul to the spirit of the AEDPA as it would empower a petitioner to

4

unilaterally pause the state proceeding, potentially indefinitely, while still enjoying the corresponding tolling effect. To allow a petitioner to essentially dictate the start and stop of the limitations period would render the AEDPA's limitations period meaningless.

Thus, the initial postconviction filing lost its tolling effect on August 6, 2024, when the state court vacated it. The Court's previous holding, that Petitioner's deadline for filing his federal petition was February 5, 2025, is undisturbed by the information supplemented in the Amended Motion. *See* D. 2.  Similarly, the Petitioner's refiling of that petition has no effect on the tolling period given that it was filed after the limitations period had already ended. *See, e.g., De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant.").[2] For these reasons, Petitioner's habeas corpus claims are untimely and, thus, meritless. Because these claims are meritless, the Court finds issuing a stay in this case unwarranted.

## IV.    CERTIFICATE OF APPEALIBILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[2] Petitioner argues that, under the rules of civil procedure, he is entitled to refile his motion for postconviction relief with the state court. D. 3 at 4-5. Though this may be true, the refiling of the state court motion does not reset the strict limitations period under the AEDPA. *De Jesus*, 567 F.3d at 943.

*McDaniel,* 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show " 'something more than the absence of frivolity' or the existence of mere 'good faith' " on his part. *Miller–El v. Cockrell,* 537 U.S. 322, 337–38 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

Based on the record before it, the Court cannot find that reasonable jurists would debate that the Motion to Hold Habeas Corpus Petition Deadline in Abeyance is untimely or debate that Petitioner cannot excuse his failure to timely file a § 2254 petition. Accordingly, a certificate of appealability is denied.

### V.    CONCLUSION

For these reasons, Petitioner's [3] Amended Motion to Stay is DENIED with prejudice. ENTERED this 26th day of September 2025.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge